```
SCJ:TAD
F.#2011R00933
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

                                                  11 CR 456 (ENV)

MARCELLO CAPONE,

           Defendant.

- - - - - - - - - - - - - - - - -X


## GOVERNMENT'S MOTION IN LIMINE


                                        LORETTA E. LYNCH
                                        UNITED STATES ATTORNEY
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201


```
Tiana A. Demas
Assistant U.S. Attorney
     (Of Counsel)
```

PRELIMINARY STATEMENT

The government moves in limine to preclude the defendant from presenting any evidence at trial that he lacked intent to violate the law when he attempted to reenter the United States. In that regard, the government requests that the court submit a proposed instruction on the issue of intent to the jury.

BACKGROUND

The defendant is a citizen of Italy. On November 7, 1988, the defendant pled guilty and was convicted of Criminal Sale of Controlled Substance in the Second Degree, in the District Court of Nassau County. He was sentenced to lifetime probation. On April 17, 1991, the defendant pled guilty and was convicted of Criminal Possession of Stolen Property in the Third Degree, in the District Court of Nassau County. On July 8, 1991, he was sentenced to forty-two months to seven years' imprisonment. On November 16, 1995, the defendant was ordered excluded and deported from the United States by Immigration Judge Alan L. Page. On January 17, 1998 the defendant was deported from the United States.

On May 24, 2011, the defendant arrived at John F. Kennedy International Airport from Italy and attempted to reenter the United States. He was arrested and, the following day, charged with attempted illegal reentry as an aggravated

felon. The defendant has never applied for or received the consent of the Attorney General for his admission into the United States following his deportation.

In a one-count indictment, a grand jury has charged the defendant with attempted illegal reentry as an aggravated felon in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).

ARGUMENT

I. The Defendant Should Be Precluded from Presenting Any Evidence that He Lacked Intent to Violate the Law When He Attempted to Reenter United States on May 24, 2011

To obtain a conviction for the charge of attempted illegal reentry after deportation, the government must prove that the defendant: (1) is an alien; (2) who was deported; and (3) thereafter attempted to reenter the United States; (4) without the Attorney General's express permission to reapply for admission. See 8 U.S.C. § 1326; United States v. Rodriguez, 416 F.3d 123, 55 (2d Cir. 2005); accord United States v. Quezada, 754 F.2d 1190, 1192 (5th Cir. 1985); United States v. Hernandez, 693 F.2d 996, 998 (10th Cir. 1982). It is well settled in the Second Circuit that a good faith or mistake defense does not exist under Section 1326. See United States v. Champegnie, 925 F.2d 54, 55 (2d Cir. 1991). As the Second Circuit has explained:

> [G]ood faith or mistaken belief on . . . an alien's part that he or she could reenter lawfully is not a defense. The statute contains no language requiring proof of a

2

>  particular mental state.  It simply states
>  that a previously deported alien may not
>  reenter the United States without the express
>  consent, obtained in advance, of the Attorney
>  General.  We read the statute to mean what it
>  says:  A previously deported alien who
>  reenters the United States does so at his own
>  peril, and any subjective belief as to the
>  legality of the act is irrelevant.

Id. at 55-56 (citations omitted).  See also United States v. Torres-Echavarria, 129 F.3d 692 (2d Cir. 1997)(during plea allocution, district court judge did not err in failing to inquire into defendant's subjective belief regarding the legality of defendant's reentry).  It is also well established in the Second Circuit that the government need not show that a defendant specifically intended to disobey the law in order to prove a violation of Section 1326.  See Rodriguez, 416 F.2d at 125.  The government need only show that the previously deported alien voluntarily attempted reenter the United States.  Id. at 127 (internal citation omitted).  Recognizing that evidence of good faith or mistake is irrelevant under Section 1326, courts in the Second Circuit have excluded evidence of the defendant's alleged mistake of law or good faith on the grounds that such evidence would serve only to confuse relevant issues, mislead the jury and waste both the Court's and the jury's time.  See, e. g., United State v. Mancebo-Santiago, 875 F. Supp. 1030 (S.D.N.Y. 1995).

3

Under Fed. R. Evid. 403, "[a] trial court has broad discretion to determine relevancy and whether the probative value of evidence may be outweighed by other considerations such as its tendency to confuse the jury." United States v. Fletcher, 928 F.2d 495, 502 (2d Cir. 1991). In this case, any evidence of the defendant's subjective intent or good faith concerning his right to be in the United States following his deportation is irrelevant to the elements of the offense. Evidence of the defendant's subjective intent may also tend to confuse the jury by leading them to believe, wrongly, that the government has a burden of proving that the defendant intended to violate the law when he attempted to reenter the United States. Under 8 U.S.C. § 1326, the government need only prove that the defendant's acts were intentional, namely, that the defendant voluntarily attempted to reenter the United States and that he did so without the Attorney General's express permission. Because intent to violate the law is not an element of the offense, the government is not required to prove that the defendant knew he was not allowed to reenter the United States without permission of the Attorney General. Rodriguez, 416 F.3d at 128. For these reasons, the defendant should be precluded from presenting any evidence at trial that he lacked intent to violate the law when he attempted to reenter the

4

United States.

### PROPOSED JURY INSTRUCTION

The government need not prove that the defendant intended to violate the law when he attempted to reenter the United States. Nor does the government have to prove that the defendant knew that he was not entitled to be in this country. A good faith or mistaken belief on the part of the defendant that he could lawfully be present in the United States is not a defense and is irrelevant to your deliberations.

CONCLUSION

For the foregoing reasons, the government's motion <u>in limine</u> should be granted in its entirety.

Dated: Brooklyn, New York
       September 16, 2011

                                        Respectfully submitted,


                                        LORETTA E. LYNCH
                                        United States Attorney
                                        Eastern District of New York


                                   By:      /s/
                                        Tiana A. Demas
                                        Assistant U.S. Attorney
                                        (718) 254-6059

6