IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **V.** | ) **Criminal No.  11-CR-456  ENV** |
| | ) |
| **MARCELLO CAPONE** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |
| _____)_____ | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION TO LIMINE**

COMES NOW, MARCELLO CAPONE, by and through his attorney John T. Riely, and opposes the government's motion in limine and refers this court to the attached memorandum of points and authorities.

Respectfully submitted:

_____
John T. Riely
4405 East West Highway, Suite 601
Bethesda, MD 20841
Tel:  301-656-3382
JTRIELY@MSN.COM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) Criminal No. 11-CR-456 ENV |
| | ) |
| MARCELLO CAPONE | ) |
| | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS OPPOSITION TO THE GOVERNMENT'S MOTION TO LIMINE**

COMES NOW, Marcello Capone, by and through his attorney, John T. Riely and opposes the government's motion in limine to preclude, either in whole or part, the testimony of Thomas Tousley, an expert in immigration policy, procedure and practice including the concept of entry into the U.S., including entry after removal or deportation.

a) **The government has mischaracterized the evidence sought to be introduced by the defendant.**

In conformity with the Federal Rules of Criminal Procedure, with local rules, and with this court's practice, the defendant filed and served upon the Assistant United States Attorney notification that he will call as a witness Thomas Tousley, a member of the bar of the Commonwealth of Virginia and a former staff attorney for the Board of Immigration Appeals (BIA), the immigration administrative appellate body sitting in Falls Church, Va..  The BIA

functions as the administrative appellate body for the decisions arising at the nation's immigration courts and with certain administrative decisions of the US CIS and US CBP and other immigration apparatuses throughout the U.S. pertaining to the adjudication, administration and function of immigration practices and decisions. Mr. Tousley's c.v. was also supplied at the time of his notice. Mr. Tousley's contact coordinates to include his address, phone, email and website were supplied as well on his c.v. in the event the prosecution wished to further vet him in anticipation of trial.

The defense anticipates qualifying him as an expert witness in immigration practice, procedure, policy, and law and eliciting testimony from him on issues related to the issues at bar in the case captioned above.

The government has mischaracterized the anticipated testimony of this defense witness. Mr. Tousley will describe the circumstances and consequences of an order or deportation and removal; he will describe the practical impediments for an foreign born national to return to the U.S. in the event he is removed; and, he will describe the visa waiver program under which nationals of certain countries, including Italy, are to bypass the U.S. Embassy or consulate in their country of nativity quite properly for purposes of making an application for a visa and proceed directly to the U.S., under the visa waiver program. Mr. Tousley will further describe the process and procedures by which an alien may make an application to the US for permission to re-enter the U.S., after being deported or removed and how that interacts with the Visa waiver program.[1] Mr. Tousley will further describe the process by which such an application is made and the criteria for adjudicating such an application. Mr. Tousley will indicate the critical importance of the foreign national applicant making a true and accurate application to the

---

[1] The classic term deportation has been replaced under 8 USC 1229 and 8 USC 1229(a) with the term removal and removal proceedings. This was added by §304 of IIRAIRA

immigration officials including information pertaining to his true identity and his true immigration history.   Mr. Tousley will describe the distinction between making an entry into the U.S. and making an application for an admission into the U.S. and will describe that Mr. Capone did not make an entry into the U.S., but rather made an application for admission to a US immigration official which was denied. [2]   He will not opine on the ultimate issue before this jury nor will he attempt to usurp the court's function in instructing the jury on the law to be applied. [3]

    Mr. Tousley will not invade the province of the jury or this court.

    There is nothing inappropriate about the proposed anticipated testimony of the proposed expert and the government's motion should be denied.

**b) The Federal Rules of Evidence very much contemplate the use of experts in instances precisely that present in the case at bar.**

    FRE 702 states as follows:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

    The proposed testimony of Mr. Tousley falls precisely into this category. He will be called upon to assist the jury in understanding a complicated set of circumstances and will assist the jury in its understanding and determining a complicated set of facts very much at issue

---

[2] See 8 USC 1101(a)(13) (A)
[3] Like any witness, the jury will be free to accept or reject in whole or in part his testimony with the jury being the fact finder.

between the parties.    The testimony will certainly be based upon facts made known to Mr. Tousley and brought out during the evidentiary portion of this trial; his views and assessments will very much be the product of his superior knowledge as gained from his years as a leading attorney at the US Board of Immigration Appeals, a division within the Department of Justice. [4] Finally, he will certainly apply this knowledge and understanding of the precise issues before the jury on this case in reliable fashion based upon the facts developed by competent evidence in this trial.

Accordingly, Mr. Tousley testimony appears to sit squarely and favorably within the confines of FRE 702, 703, and 704.

Quite contrary to the government's argument in its motion in limine is the law of the Second Circuit which does not preclude lawyers from testifying as to matters within their areas of expertise.    "…[e]xpert testimony may help a jury understand unfamiliar terms and concepts. Its use must be carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it. See United States v. Scop, 846 F.2d 135, 139-40, modified, 856 F.2d 5 (2d Cir.1988); Marx & Co., Inc. v. Diners' Club, Inc., 550 F.2d 505, 510-11 (2d Cir.), cert. denied, 434 U.S. 861, 98 S.Ct. 188, 54 L.Ed.2d 134 (1977).    Likewise, in U.S. v. Bilzerian, 926 F. 2d 1285, (1991) the trial court admitted testimony from an expert in securities law because that expert did not opine on the ultimate issue as to whether the defendant in that instance violated the securities law.  The expert in the that instance simply gave background information on federal securities regulations, filing requirements and related technical and indeed some legal aspects of securities law.    Bilzerian appears to remain the viable law and

---

[4] Point in fact, while Mr. Tousley is currently in private practice, he spent years at the BIA, a division within the Department of Justice, the same parent agency as is the US Attorney.

certainly seems to authorize and approve district courts to permit lawyers to qualify as experts as to opine on regulations, procedures, processes and related areas of inquiry in a specific trial. This is precisely the parameters and the expectations of Mr. Tousley's testimony.

It is acknowledged that as a general rule an expert's testimony on issues of law is inadmissible. See Expert Legal Testimony, 97 Harv.L.Rev. 797 (1984). The Marx and Scop cases cited above make clear demarcation between factual conclusions that may be included in an expert's testimony--though they embrace an ultimate issue to be decided by the jury--and opinions embodying legal conclusions that encroach upon the court's duty to instruct on the law. See Scop, 846 F.2d at 142; Marx, 550 F.2d at 512. In Marx, it was held that an expert's legal opinion on the meaning of certain contract terms was outside the witness' area of expertise and more critical to the issues raised herein was also an invasion of the court's authority to instruct the jury on the applicable law. 550 F.2d at 509-510. In Scop, an expert's repeated statements that defendants' conduct established a manipulative and fraudulent scheme within the meaning of the securities laws exceeded the permissible scope of opinion testimony. 846 F.2d at 139. These litany of cases-- Scop, Marz and Bilzerian-- establish that although an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts.   Given what appears to be a clear line of authority on this issue, it is clear that Mr. Tousley testimony will fall within acceptable parameters and his testimony should be allowed.   No testimony will be elicited from Mr. Tousely on the ultimate issue in the case.

### c. The government is wrong on the testimony of Mr. Tousley being inaccurate.

The government misunderstands the defense herein.   Mr. Capone has never nor will he argue that he did not require the express consent of the immigration officials to re-enter the U.S.  He did and Mr. Tousley, as set forth above, will so opine.   Mr. Capone presented himself to those very government officials at New York's Kennedy Airport and made full and complete disclosure as to his identity, vital statistics such as date of birth, his country of nativity, his immigration status or lack thereof including his removal history and made application for admission into the U.S. [5]   That application was denied and Mr. Capone was denied both permission to re-enter and was denied admission into the U.S.   Mr. Capone was thereafter paroled into the U.S. to answer to the criminal indictment.   Mr. Capone is not suggesting that he lacked the necessary intent to negate the charges and as such, the governmetn reliance on U.S. v. Martus, 138 F. 3d 95, (2nd Cir., 1998) is misplaced. Martus is simply not probative on this issues raised herein and is neither controlling nor dispostive.  Mr. Capone posits that he did make an application to the DHS and did so in forthright fashion.  That application was denied.   Indeed, it is the government which seems to misunderstand this subtlety of immigration procedure: Mr. Capone did in fact apply for permission to reenter the U.S.  The application, by the government's own unequivocal evidence, was denied.   Mr. Tousley is the one who has it right. [6]

---

[5] That disclosure permitted those same immigration officials to quickly conclude that Mr. Capone did have a past immigration record of deportation and a past criminal record and denied his admission to the U.S. in short order.
[6]  Certainly, the government could have offered  its own expert on this issue if it believes the defendant has it wrong and it has chosen not to do so.

**Wherefore** , for each of the reasons set forth above and for any others which may be adduced at a hearing on this matter, the defendant opposes the motion to the government.

Respectfully submitted:

_____
John T. Riely
4405 East West Highway, Suite 601
Bethesda, MD 20841
Tel:  301-656-3382
JTRIELY@MSN.COM

## CERTIFICATE OF SERVICE

On September 25, 2011, **I,** John T. Riely, Esq., Attorney, served a copy of Defendant's Proposed Jury Instructions to Tiana A Demas, Assistant U.S. Attorney via the ECF filing system.

 

                                                                                                John T. Riely